

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| vs. | § | CRIMINAL ACTION NO.: 4:18-1118-MGL-2 |
| | § | |
| PHYLICIA M. KING, | § | |
| Defendant. | § | |

---

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

---

## I.    INTRODUCTION

Pending before the Court is Defendant Phylicia M. King's (King) pro se motion to reduce her sentence due to the COVID-19 pandemic.  Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of the Court King's motion to reduce her sentence will be denied.

## II.    FACTUAL AND PROCEDURAL HISTORY

The grand jury indicted King on one count of conspiring to recruit, harbor, transport, provide, obtain, advertise, solicit, patronize, and maintain by any means a minor and cause him or her to engage in a commercial sex act across state lines in violation of 18 U.S.C. §§ 1591(a)(1), 1591(a)(2), and 1594(c) (Count One); one count of knowingly transporting a minor in interstate commerce with the intent the minor engage in prostitution and in sexual activity in violation of 18

U.S.C. §§ 2423 and 2 (Count Three), as well as a forfeiture count.  Remaining counts were lodged against her codefendant.

On July 9, 2019, King pled guilty to Count Three.  The Court, on December 18, 2019, sentenced her to a term of imprisonment of thirty-six months, and upon release from imprisonment, a term of supervised release for a term of five years with standard and special conditions.  Count One was dismissed upon motion of the government, and the forfeiture order was incorporated into the judgment.  King is currently housed at Federal Medical Center Carswell (FMC Carswell), and has a projected release date on or about August 30, 2022.

She filed this motion seeking compassionate release due to the COVID-19 pandemic, and the government responded.  The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

## III.    STANDARD OF REVIEW

A court may modify a term of imprisonment under only three specific circumstances.  First, a court may modify a sentence as "permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  18 U.S.C. § 3582(c)(1)(B); *see also* Fed. R. Crim. P. 35 (allowing a reduction in sentence upon a motion by the government based on substantial assistance from the defendant or within fourteen days of the sentence when there is a clear error in the sentence).  Second, a court may modify a sentence when the imposed "term of imprisonment [is] based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

And third, 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, permits modification of a term of imprisonment upon motion of the defendant after he "has fully exhausted

all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A)(i). If "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission[,]" the Court may reduce a defendant's term of imprisonment and may impose a term of probation or supervised release that does not exceed the unserved portion of the original term of imprisonment. *Id.* This statute also provides the Court must consider "the factors set forth in [S]ection 3553(a) to the extent that they are applicable[.]" *Id.*

The applicable Sentencing Commission policy statement referenced in Section 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13 ("Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)"). U.S.S.G. § 1B1.13 provides that the Court may reduce a term of imprisonment if the Court determines 1) "extraordinary and compelling reasons warrant the reduction,"; 2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g),"; and 3) "the reduction is consistent with this policy statement." U.S.S.G. §1B1.13. However, U.S.S.G. § 1B1.13 addresses motions for reductions that are filed by the Director of the BOP and it does not contain a policy statement that specifically addresses motions for reductions that are filed by an inmate defendant.

The Fourth Circuit recently issued a published opinion providing guidance on the arguments district courts can consider in determining whether "extraordinary and compelling" reasons exist to grant compassionate release. *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). In *McCoy*, the Fourth Circuit discerned "[t]here is of now no 'applicable' policy statement governing compassionate-release motions by defendants under the recently amended

§ 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).  Ultimately, the determination of whether extraordinary and compelling reasons exist in a particular case is a question reserved to the sound discretion of the district court.

## IV.    DISCUSSION AND ANALYSIS

King fails to argue either of the first two scenarios are applicable.  Rather, she moves for a sentence reduction solely on the basis of the third circumstance, alleging COVID-19, when considered with her underlying medical conditions, qualifies as an extraordinary and compelling reason to warrant relief.

Prior to addressing the merits of King's motion, the Court will analyze whether the Court has jurisdiction.  King submitted her request for compassionate release to the Warden and it was denied.  The government, in its response, "condes that [King] has exhausted her administrative remedies."  Government's Resp. in Opp'n at 5.  Accordingly, the Court accepts the government's position and will decide King's motion on the merits.

Turning to the merits of King's motion, as discussed above, the Court may reduce a defendant's sentence if it concludes extraordinary and compelling reasons warrant such a reduction.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); *McCoy*, 981 F.3d at 284.  The Court must also consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  *Id.* § 3582(c)(1)(A).

**A.    Whether King presents extraordinary and compelling reasons warranting a reduction of her sentence**

In her motion, King asserts she "ha[s] hypertension, low iron, low vitamin D, and at 397 lbs, 5 feet 6[,] am obese with a BMI over 30."  Kings's Mot. at 1.  The Final Presentence Investigation Report (PSR) completed on or around August 5, 2019, notes King suffers from high blood pressure and takes an iron supplement each day.  *See* PSR ¶ 54.

The government concedes King's obesity "presents a risk identified by the CDC as heightening the risk of severe injury or death were the inmate to contract COVID-19."  Government's Resp. in Opp'n at 7.    But, the government also notes King's obesity "is appropriately managed at the facility, which is also engaged in strenuous efforts to protect inmates against the spread of COVID-19, and would also act to treat any inmate who does contract COVID-19."  *Id.* at 8.

Furthermore, and most importantly, evidence of King's current placement heavily weighs against a determination extraordinary and compelling reasons warrant a reduction in her sentence.  According to the BOP COVID-19 case tracker, zero inmates at FMC Carswell are positive for COVID-19.  *See COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Apr. 16, 2021).  This extremely low number, the Court concludes, is due in part to the strong vaccination efforts of the BOP in general, as well as FMC Carswell in particular.

The BOP also maintains a website detailing the number of doses of the COVID-19 vaccine it has received and administered.  *See COVID-19 Vaccine Implementation*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Apr. 16, 2021) (showing the BOP has administered 135,263 doses out of 137,055 received, nearly a ninety-nine percent administration rate).  This website also notes the number of "Full Staff Inoculations Completed" as well as "Full Inmate Inoculations Completed" for each BOP facility.  *Id.*  According to this website, 257

employees of FMC Carswell have been fully vaccinated, as well as 729 inmates. *Id.* And, vaccine doses to inmates are "based on priority of need in accordance with CDC guidelines." *Id.*

Accordingly, because King's medical ailments are properly managed at FMC Carswell and zero inmates are currently positive for COVID-19, the Court concludes she fails to demonstrate extraordinary and compelling reasons warranting a sentence reduction. Alternatively, even if the Court concluded King demonstrated extraordinary and compelling reasons warranted a reduction in her sentence under Section 3582(c)(1)(A), her motion would be denied based on an analysis of the Section 3553(a) factors.

### B.    *Whether the Section 3553(a) factors weigh in favor of release*

As noted above, the Court, in considering a motion for compassionate release, must consider the factors under 18 U.S.C. § 3553(a), as required by 18 U.S.C. § 3582(c)(1)(A). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct . . . [and] to protect the public from further crimes by the defendant;" "the kinds of sentences available;" "any pertinent policy statement[;]" "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

The Fourth Circuit recently noted in a published opinion, "the text of 18 U.S.C. § 3582(c)(1) does not specify what conclusion a district court must draw from the § 3553(a) factors in order to grant a motion for compassionate release" and "§ 3582(c)(1) merely requires district courts to 'consider[]' the relevant § 3553(a) factors." *United States v. Kibble*, No. 20-7009, 2021 WL 1216543, at *4 fn 3 (4th Cir. Apr. 1, 2021) (quoting 18 U.S.C. § 3582(c)(1)). Thus, "this

language [provides] the district courts with procedural guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release." *Id.*

Here, the Court concludes the Section 3553(a) factors weigh heavily against release. The nature of King's offense is serious. She pled guilty to knowingly transporting a minor in interstate commerce with the intent the minor engage in prostitution and in sexual activity. Sex trafficking is a terrible crime that negatively impacts our society and communities throughout this country. As King has served approximately half of her sentence, granting her relief in this case would produce unwarranted sentencing disparities for others accused these serious crimes. And, as the Court sentenced King on December 18, 2019, the balance of the Section 3553(a) factors since her sentencing have not changed in a way that would warrant relief.

Consequently, based on the Court's analysis and balancing of the Section 3553(a) factors, a reduction in sentence to release King is inappropriate.

## IV.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court King's motion to reduce her sentence is **DENIED**.

**IT IS SO ORDERED.**

Signed this 19th day of April 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE